IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


TRIPLE H DEBRIS REMOVAL, INC.                    PLAINTIFF

      V.                    Civ. No. 07-2086

COMPANION PROPERTY AND
CASUALTY INSURANCE COMPANY                       DEFENDANT


## MEMORANDUM OPINION AND ORDER

      Before the Court are the Defendant's Motion for Summary
Judgment (Doc. 5) and Brief in Support (Doc. 6), Plaintiff's
Response (Doc. 8) and Brief in Support (Doc. 9-1), and
Defendant's Reply (Doc. 12).  The Court concludes there are no
issues of material fact and therefore the Defendant's Motion
for Summary Judgment is **GRANTED** and Plaintiff's Complaint is
**DISMISSED** with prejudice.

A.    **Background**

      Defendant issued a workers' compensation insurance policy
to Plaintiff with coverage dates of April 21, 2005 through
April 21, 2006.  Defendant cancelled that policy on or about
August 21, 2005, for alleged non-payment of premiums.
Plaintiff paid the outstanding premium balance, and Defendant
issued another policy to Plaintiff with coverage dates of
September 15, 2005 through April 21, 2006.  On November 28,
2005, a final audit was performed on the initial policy, as
provided by the policy, which concluded the Plaintiff owed an
additional $1,853.00 for the final premium.  The premium

amount initially quoted by Defendant on the initial policy was an estimate of the actual premium with an audit to be performed when the policy ended and the actual premium amount could be determined.  Plaintiff refused to pay the additional premium found to be due as a result of the final audit.  The Defendant then cancelled the second policy on January 15, 2006.  The Defendant notified the Plaintiff of the impending cancellation and the audit dispute procedures in a January 3, 2006 letter.  However, the Plaintiff did not dispute the audit premium found to be due  and did not secure any other workers' compensation insurance.  On February 16, 2006, Robert Hattabaugh, an employee of Plaintiff, was seriously injured while working for the Plaintiff.  The Plaintiff submitted an insurance claim to the Defendant, which was denied.

Plaintiff filed suit in the Circuit Court of Scott County, Arkansas, which mistakenly alleged the audit was improperly performed on the second policy.  Upon learning that the audit was actually performed on the first policy, the Plaintiff amended its Complaint.  On August 22, 2007, Plaintiff filed a Second Amended Complaint alleging that it was improper for the Defendant to cancel the second policy because of the premium balance owed on the first policy, as determined by the final audit.  On August 24, 2007, the case was removed to this Court.  On October 12, 2007, the Defendant

-2-

filed a Motion for Summary Judgment contending there were no genuine issues of material fact.  The Plaintiff contends there are genuine issues of material fact remaining as to whether the Defendant was entitled to cancel the second policy issued to Plaintiff for nonpayment of additional premium due on the first policy and whether the January 3, 2006 Notice of Cancellation by Defendant provided proper notice as required by both the statute and policy.

**B.   Standard of Review**

In determining whether summary judgment is appropriate, the Court must view the facts and make inferences in the light most favorable to the non-moving party.  *See Rabushka v. Crane Co.*, 122 F.3d 559 (8th Cir. 1997).  The moving party bears the burden of establishing the absence of issues of material fact in the record and of establishing that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316 (1986).  To defeat a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and designate specific facts showing a genuine issue of material fact for trial.  *Id.* at 324.  Thus, the "basic inquiry" for purposes of summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law."

*Quick v. Donaldson Co., Inc.*, 90 F.3d 1372 (8th Cir. 1996)(citation omitted).

**C.   Discussion**

The Defendant filed its motion for summary judgment alleging there are no genuine issues of material fact and the only question is one of law; i.e., whether the Defendant was entitled to cancel a current insurance policy for nonpayment of a premium remaining due from a previous insurance policy. The Defendant argues that case law, the policy language and common sense entitles it to cancel the policy and cites a New York case, *Taylor v. 1765-1763 Realty Corp.,* 20 A.D.2d 938 (1964). In *Taylor*, the court concluded that the state fund had the right, by statute, to cancel an existing insurance policy for failure to pay a premium balance owed as a result of a final audit on a prior insurance policy. The court held that the language "default in any payment" included the additional premium owed as a result of a final audit of a previous policy.

The Plaintiff attempts to distinguish its case from *Taylor* claiming it is not based on the term "any payment" as the New York statute but rather on a policy which uses the term "premium". In response, the Defendant points out that the policy specifically requires the Plaintiff to pay "all premium" due which they contend includes any additional

-4-

premium owed as a result of a final audit.   The Plaintiff
contends *Taylor* involves only a state insurance fund while its
case involves two separate insurance policies.   The Defendant
cites *Blue Diamond v. Liberty Mutual Insurance Co.,* 21
F.Supp.2d 631 (S.D. Miss. 1998), which held that cancellation
of a current policy for nonpayment of additional premiums due
as a result of a final audit on a prior policy period was
proper and granted summary judgment.   The Plaintiff argues
that this court should not consider *Blue Diamond* because it
involved the renewal of a single policy rather than two
policies as here.

    The Plaintiff contends that the terms of the policy do
not provide for cancellation based on nonpayment of a prior
policy premium and that the Defendant's cancellation was
improper because it failed to provide proper notice as
required under the terms of its policy and the state statute.
The Plaintiff offers no case law to support these arguments,
but rather cites case law which provides that ambiguities in
provisions within insurance policies must be construed in
favor of the insured.   The notice of cancellation included the
specific date and time in which the cancellation would become
effective as required by A.C.A. § 11-9-408(b)(2)(A) and the
policy.   The Court can only conclude that the Defendant gave
proper notice of cancellation.

AO72A
(Rev. 8/82)

In determining whether the Defendant was entitled to cancel the Plaintiff's insurance policy because of nonpayment of premium owed as a result of a final audit on a previous policy, the court must refer to the Arkansas statutes relating to workers' compensation.  Arkansas Code Annotated § 23-67-306 addresses employers' entitlement to workers' compensation insurance and provides that

> "any employer required to secure the payment of compensation... shall be entitled to insurance under the provisions of this subchapter, provided: the employer is not in default of premium payments owed for workers' compensation insurance; provided, however, that no employer shall be deemed to be in default of a premium payment if all of the sum by which he or she is alleged to be in default is properly attributable to a good faith, bona fide dispute between the insurer and the employer over the accuracy or legality of an audit of payroll performed by or at the request of the insurer, and which dispute is in formal process of resolution as provided in § 23-67-219(3)."

All such disputes shall be resolved in the manner set forth in § 23-67-219(3)(B).  Arkansas Code Annotated § 23-67-219(3)(B) requires that every insurer which makes its own rates shall provide within this state reasonable means whereby any person

-6-

aggrieved by the application of its rating system may be heard, in person or by his or her authorized representative, on his written request to review the manner in which the rating system has been applied in connection with the insurance afforded him or her.

The insurance policy at issue in this case specifically provides that in order to raise a "bona fide dispute" the insured must comply with three procedures: 1) provide a detailed written explanation of why you believe your bill is incorrect, 2) provide a detailed explanation of your estimate of what the premium should be, and 3) pay any undisputed portions of the premium owed by the due date on this bill. The policy further states that the undisputed portion for both the audit and the endorsements must both be paid for the dispute to be valid.  In Plaintiff's Response to Defendant's Second Set of Interrogatories, the Plaintiff states that they forwarded payroll information to Defendant to dispute the premium charged and informed an insurance agent that the premiums should not be changed.  The Plaintiff admits it did not pay any undisputed portions of the premium owed.  The Court concludes the Plaintiff failed to meet the requirements of the policy to raise a bona fide dispute.  Pursuant to A.C.A. § 23-67-306(a)(3), the Court finds the Plaintiff was in default of premium payment and had not raised a bona fide

-7-

dispute, and therefore, ceased to be entitled to insurance.

Further, A.C.A. § 23-67-307 states that if, after the issuance of a policy providing insurance pursuant to the provisions of this subchapter, the insurer which issued the policy finds that the employer to whom the policy was issued is not, or has ceased to be, entitled to the insurance, the insurer shall have the right to cancel the policy in accordance with § 11-9-408(b). In determining this statute, the Court must decide whether or not this statute permits cancellation of a current policy based on nonpayment of premium owed on a prior policy as a result of an audit. Both parties concede that an audit occurs after the expiration or termination of an insurance policy. The language of the statute demonstrates the intent of the drafters to provide an insurance company with the option to cancel a policy for failure to pay premium due after an audit. Since an audit generally occurs only after the expiration or termination of a policy, the statute gives an insurance company the option to cancel a current policy based on cessation of entitlement because of nonpayment of a premium owed on a prior policy as determined by a final audit.

In viewing the facts and inferences in the light most favorable to the Plaintiff, the Court finds that there are no genuine issues of material fact which preclude summary

judgment in this case.  The Court has found the Defendant was entitled to cancel the Plaintiff's policy based on nonpayment of premium owed on a prior policy as determined by an audit. Further, the Court has found that the Plaintiff was properly notified of the impending cancellation and given the opportunity to resolve the difference without such cancellation.

Accordingly, the motion for summary judgment should be and hereby is **GRANTED.**

IT IS SO ORDERED on this 10th day of December, 2007.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)