IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRIPLE H DEBRIS REMOVAL, INC.                                              PLAINTIFF

V.                             No. 2:07-CV-02086-RTD

COMPANION PROPERTY and
CASUALTY INSURANCE COMPANY                                            DEFENDANT

## **ORDER**

Before the court is the Plaintiff's Motion to Compel (Doc. 46) and Memorandum Brief (Doc. 47) filed July 22, 2010. The matter has been referred to the undersigned for disposition by Order entered July 27, 2010.

**Background:**

This case involves a contract dispute between Plaintiff and Defendant concerning a policy of workman's compensation insurance. The Plaintiff issued certain Interrogatories and Request for Production (Doc. 46-1) which were not responded to by the Defendant. As a result the Plaintiff sent a letter to the Defendant on June 28, 2010 stating that the Defendant's had not responded to Request for Production Nos. 6, 8, 9, 10, and 11. (Doc. 46-2). The Defendant provided some information but still had not complied with Request for Production No. 9 (a copy of the entire claims and procedure manual which sets forth Companion's practices or policies regarding audits and the cancellation of policies) as well as Request for Production No. 10 (a copy of all manuals, handbooks, and/or other instructional materials or statements of policy respecting the interpretation of policy provision of the type involved in this lawsuit) and the

Plaintiff sent a second request letter on July 12, 2010. (Doc. 46-3).

The case is set for trial August 16, 2010 (Doc. 27) and the Plaintiff filed the instant Motion to Compel (Doc. 46) on July 22, 2010 seeking to compel the Defendant to respond to Request for Production Nos. 9 and 10.

**Discussion:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

"Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit. Id. See also Fed.R.Civ.P. 45(c) (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena). *Roberts v. Shawnee Mission Ford, Inc.* 352 F.3d 358, *361 (C.A.8 (Mo.),2003)

The Plaintiff filed a Request for Production No. 9 (a copy of the entire claims and procedure manual which sets forth Companion's practices or policies regarding audits and the cancellation of policies) as well as Request for Production No. 10 (a copy of all manuals,

handbooks, and/or other instructional materials or statements of policy respecting the interpretation of policy provision of the type involved in this lawsuit). Both Request appear to be relevant to the issues at hand and the Defendant has not objected to the Request but merely stated that "Counsel has requested any responsive manual and will produce them immediately upon receipt". (Doc. 46-1). The Defendant has failed to produce the manuals or make a sworn statement that such manuals do not exist.

**Conclusion:**

The Plaintiff's Motion to Compel is **GRANTED**, and the Defendant is Ordered to comply with Request for Production Nos. 9 and 10 on or before August 4, 2010 or provide a sworn statement that such manuals do not exist by the same date.

IT IS SO ORDERED this July 28, 2010

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES DISTRICT JUDGE